UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------x
KATHLEEN MAIER,

                              Plaintiff,

   -against-

NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE VIZCORRONDO (SHIELD
#4645), JOHN DOE 1 (AKA "D"), JOHN
DOE 2 (SHIELD # 1911), POLICE               MEMORANDUM AND ORDER
OFFICERS JOHN DOES 3-10, THE NEW          08-CV-5104 (ILG) (JO)
YORK CITY DEPARTMENT OF
CORRECTIONS, THE WARDEN OF
RIKERS ISLAND PRISON, and
CORRECTIONS OFFICERS JOHN AND
JANE DOES 11-20,

                              Defendants.

----------------------------------------------x

GLASSER, United States Senior District Judge:

      Defendant New York Police Department ("NYPD") moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Kathleen Maier's claims against it under 42 U.S.C. § 1983 and New York state law. The Court grants the NYPD's motion because it is not a suable entity. Further, the Court dismisses the plaintiff's claims against the remaining defendants for failure to prosecute.

**Background**

      On December 18, 2008, plaintiff Kathleen Maier filed a complaint (the "Complaint") against the NYPD, a Detective Vizcarrondo, NYPD officers identified as John Does 1-10, the

New York City Department of Corrections, the Warden of Rikers Island Prison and Department of Corrections officers identified as John and Jane Does 11-20.

The Complaint alleged that the plaintiff witnessed police misconduct in the course of a drug arrest and voiced her disapproval to the police involved. Those police then arrested the plaintiff, searching her person, calling her derogatory names and treating her roughly in the process. A container of prescription medication was found on the plaintiff's person. She was subsequently arrested for drug possession and held at Rikers Island prison where she was denied her prescription medication and medical care while she suffered from stomach pains and was exposed to Hepatitis A.

The Complaint brings causes of action pursuant to 42 U.S.C. § 1983 and state law. The Complaint alleges that that the NYPD and its officers violated the plaintiff's First, Fourth and Fourteenth Amendment rights, and further alleges defamation, intentional infliction of emotional distress, assault, battery, false arrest, false imprisonment, malicious prosecution, conversion, negligent supervision, negligence and denial of equal protection of the law.

After the filing of the Complaint, the docket reflects no further activity by the plaintiff in the case. On April 21, Magistrate Judge James Orenstein ordered the following:

> No later than May 21, 2009, one of the following events must occur: (a) each defendant must file an answer, (b) the parties must file a stipulation extending the defendants' time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute.

(Docket #2).

Although proof of service was not submitted to the Court, the NYPD states in its motion that it was served with the summons and Complaint on or about April 16, 2009. On May 20, 2009, the NYPD, after an unsuccessful attempt to reach plaintiff's counsel, submitted a briefing schedule for its proposed motion to dismiss the Complaint that was subsequently approved by Judge Dora Irizarry. That briefing schedule called for the motion to be fully briefed by June 26, 2009. On June 9, 2009, the action was reassigned to this Court. On June 26, 2009, the NYPD submitted its unopposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## Discussion

In its motion, the NYPD argues that it is not a suable entity, and that any claim brought against it should therefore be dismissed. The authority for this proposition is traceable to the New York City Charter § 396 which states: "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992). Courts have uniformly read this provision to conclude that "[t]he New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Rossi v. New York City Police Dep't, No. 94 Civ. 5113 (JFK), 1998 WL 65999, at * 5 (S.D.N.Y. Feb. 17, 1998). See Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) (New York City Police Department is not a suable entity); Adams v. Galletta, 966 F.Supp. 116, 117 (E.D.N.Y. 1996) (New York City's Department of Correction is not a suable entity); Goode v. Winkler, No. 97 Civ. 8999 (SAS), 1999 WL 1067959, at *3 (S.D.N.Y. Nov. 23, 1999) (collecting cases); East Coast Novelty Co., Inc. v. City of New York, 781 F.Supp. 999 (S.D.N.Y.

3

1992) ("As an agency of the City, the Police Department is not a suable entity."). Therefore, all claims against the NYPD are dismissed.

It its motion, the NYPD also argues that the action should be dismissed as to the other defendants pursuant to the Court's authority under Fed. R. Civ. P. 4(m). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Judge Orenstein's April 21, 2009 order provided notice to the plaintiff that without further action, the plaintiff risked the dismissal of the case for failure to prosecute. Such notice having been given, this Court dismisses the action pursuant to Rule 4(m) as to the remaining defendants.

The Court notes further that service of the summons and Complaint on the NYPD is not sufficient to effect service on individual defendants Vizcarrondo and John Does 1-10. According to Fed. R. Civ. P. 4(e), proper service upon individuals must be made: (1) by serving the individual personally or by leaving copies at the individual's home, (2) serving an agent authorized by law to receive service of process, or (3) in the manner prescribed by state law. Moultry v. City of Poughkeepsie, 154 F.Supp.2d 809, 811 (S.D.N.Y. 2001).

> According to New York law . . . service can be made by delivering the summons "to a person of suitable age and discretion at the actual place of business . . . and by either mailing the summons to the persons to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . ."

Id. at 812 (citing C.P.L.R. § 308(2)). The Court in Moultry held that delivery of the summons and complaint to the Poughkeepsie City Chamberlain at City Hall was not sufficient to effect service on individual police officers named in the Complaint because City Hall was not their

physical place of work and because the summons was not subsequently sent by first class mail. Here, although the record does not show where the NYPD was served, there is no indication that it was served at the same location where any of the defendant officers worked, nor is there any indication that the summons was sent to any officer by first class mail.

Although plaintiffs may include defendants that are unnamed as John and Jane Does, the plaintiff must be diligent in ascertaining their identities during the period for service of process in order to show that there is good cause for the time for service to be extended. Murphy v. Watson, No. 06 Civ. 0692 (GLS), 2007 WL 1791210, at *1 (N.D.N.Y. June 20, 2007); Wilson v. City of New York, No. 03 Civ. 2495 (RLC), 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006) (the period for service may be tolled if plaintiff makes a showing of diligence in identifying unnamed defendants). Here, the plaintiff, in failing to oppose the motion, has not shown diligence in obtaining the identities of the unnamed officers in order to effect service.

**Conclusion**

For the foregoing reasons, the plaintiff's claims against the NYPD are dismissed without prejudice because the NYPD is not a suable entity. The plaintiff's claims against the remaining defendants are dismissed without prejudice for failure to prosecute.

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2009

/s/
I. Leo Glasser
United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

Counsel for the Plaintiff

Tamara M. Harris
The Law Office of Tamara M. Harris
1115 Broadway, 12th Fl
New York, NY 10011

Counsel for Defendant New York Police Department

Bradford Collins Patrick
New York City Law Department
100 Church Street
New York, NY 10007