UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
KATHLEEN MAIER,

                              Plaintiff,

      -against-

NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE VIZCORRONDO (SHIELD
#4645), JOHN DOE 1 (AKA "D"), JOHN
DOE 2 (SHIELD # 1911), POLICE
OFFICERS JOHN DOES 3-10, THE NEW
YORK CITY DEPARTMENT OF
CORRECTIONS, THE WARDEN OF
RIKERS ISLAND PRISON, and
CORRECTIONS OFFICERS JOHN AND
JANE DOES 11-20,

                              Defendants.

-------------------------------------------------x

AMENDED MEMORANDUM AND ORDER
08-CV-5104 (ILG) (JO)

GLASSER, United States Senior District Judge:

      On December 18, 2008, plaintiff Kathleen Maier filed a complaint (the "Complaint") against the New York City Police Department ("NYPD"), a Detective Vizcarrondo, NYPD officers identified as John Does 1-10, the New York City Department of Correction ("DOC"), the Warden of Rikers Island Prison (the "Warden") and DOC officers identified as John and Jane Does 11-20. The Complaint alleged causes of action under 42 U.S.C. § 1983 and New York state law.

      On June 26, 2009, defendant NYPD by its attorney, the Corporation Counsel of the City of New York, submitted a motion to the Court pursuant to Fed. R. Civ. P. 12(b) to dismiss the

1

plaintiff's claims.[1]  On July 13, 2009, the Court granted the NYPD's motion and dismissed the Complaint as to all defendants (the "July 13 Order").  In this Amended Order, which replaces the July 13 Order in its entirety, the Court dismisses the state law claims against all defendants and the federal law claims against all defendants except for Det. Vizcarrondo.

**FACTS**

The following facts are taken from the allegations contained in the Complaint which, for the limited purposes of this motion, are considered to be true.  On December 6, 2007, the plaintiff witnessed misconduct by NYPD officers in the course of a drug arrest and voiced her disapproval to the police involved.  (Compl. ¶¶ 1-3.)  Those officers reacted to the plaintiff by grabbing her, searching her person, calling her derogatory names and treating her roughly.  (Compl. ¶¶ 4-5.)  A container of prescription medication was found in the plaintiff's bag and she was arrested for drug possession.  (Compl. ¶¶ 5-6.)  Following her arrest, the plaintiff was held at Rikers Island prison.  (Compl. ¶ 62.)  She was released after four days when her criminal prosecution was terminated by the Queens County District Attorney's office.  (Compl. ¶¶ 51, 62-64.)  During her incarceration, the plaintiff suffered from severe stomach pain, but was denied her prescription medication and other medical care.  (Compl. ¶ 63.)  She later learned that she was exposed to Hepatitis A while in custody.  (Compl. ¶ 64.)  The plaintiff was incapacitated by illness for several months following her incarceration.  (Plaintiff's Affirmation in Opposition to Motion to Dismiss dated July 13, 2009 ("Pl. Mem."), 2.)

---

[1] The Memorandum of Law in support of the NYPD's motion also argues in favor of dismissal of claims against all defendants pursuant to Fed. R. Civ. P. 4(m) and N.Y. Gen. Mun. Law § 50-e.  Although the motion was filed by the Corporation Counsel ostensibly on behalf of the NYPD, the Court notes that the City of New York is obligated to defend and indemnify employees of city agencies pursuant to N.Y. Gen. Mun. Law § 50-k(2).  Insofar as the NYPD, through the Corporation Counsel, has made arguments applicable to other defendants, the Court has considered them as a basis for dismissing claims against such defendants.

The Complaint alleges that that the defendants violated the plaintiff's First, Fourth and Fourteenth Amendment rights, and further alleges state law causes of action for defamation, intentional infliction of emotional distress, assault, battery, false arrest, false imprisonment, malicious prosecution, conversion, negligent supervision and negligence.

For several months after the Complaint was filed on December 18, 2008, the parties made no additional filings with the Court. On April 21, 2009, Magistrate Judge James Orenstein ordered the following:

> No later than May 21, 2009, one of the following events must occur: (a) each defendant must file an answer, (b) the parties must file a stipulation extending the defendants' time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute.

(Docket No. 2).

On May 21, 2009, Judge Dora Irizarry approved a briefing schedule for the NYPD's proposed motion to dismiss the Complaint that called for the motion to be fully briefed by June 26, 2009.[2] On that date, the NYPD submitted its unopposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b). In its motion, the NYPD indicated that it had been served with the summons and Complaint on or about April 16, 2009. (Memorandum of Law in Support of Motion to Dismiss dated June 26, 2009 ("NYPD Mem."), 1.)

This Court then issued the July 13 Order dismissing all of the plaintiff's claims. Claims against the NYPD were dismissed because the NYPD is not a suable entity. Claims against the

---

[2] The action was reassigned to this Court on June 9, 2009.

3

remaining defendants were dismissed in accordance with Fed. R. Civ. P. 4(m) for the plaintiff's failure to effect service.

Unbeknownst to the Court, minutes before the July 13 Order was docketed, the plaintiff filed her "Affirmation in Opposition" which included a document entitled "Notice of Kathleen Maier's Intention to File a Claim," notarized and signed by the plaintiff on August 27, 2008, and an "Affidavit of Service" dated April 16 or April 17, 2009, for each of defendants NYPD, DOC, Det. Vizcarrondo and the Warden. The Court stayed the July 13 Order and the NYPD filed a reply on July 29, 2009.

## DISCUSSION

**1. The NYPD and the DOC are not suable entities**

Section 396 of the New York City Charter states: "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." Courts have uniformly understood this provision to mean that "[t]he New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity." Rossi v. New York City Police Dep't, No. 94 Civ. 5113 (JFK), 1998 WL 65999, at * 5 (S.D.N.Y. Feb. 17, 1998). See Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) (New York City Police Department is not a suable entity); Goode v. Winkler, No. 97 Civ. 8999 (SAS), 1999 WL 1067959, at *3 (S.D.N.Y. Nov. 23, 1999) (collecting cases). Similarly, the DOC is not a suable entity. Adams v. Galletta, 966 F. Supp. 210, 212 (E.D.N.Y. 1996) ("where a plaintiff has named the Department of Corrections as a

defendant he has sued a non-suable entity"). Accordingly, all claims are dismissed against the NYPD and the DOC.

At times, courts have construed claims against city agencies as claims against the City of New York. Cameron v. Coach Apparel Store, No. 07 Civ. 3991 (BSJ), 2009 WL 536068, *2 (S.D.N.Y. Mar. 3, 2009) ("Keeping in mind that Plaintiff appears pro se, the Court will construe his claims against the New York Police Department . . . which is not a suable entity, as being claims against the City of New York). See Morales v. New York City Police Dept., No. 97 Civ. 7151(MGC), 1999 WL 169533, *1 (S.D.N.Y. Mar. 25, 1999) ("a case against the Police Department or any other non-suable agency of the City is really a suit against the City itself, which is a suable entity . . . . [t]herefore, contrary to the Police Department's arguments, this suit should not be dismissed for failure to sue a suable entity") (complaint dismissed on other grounds). However, even if the claims against the NYPD and the DOC could be converted by this Court into claims against the City of New York, the Complaint fails to state a claim of municipal liability under § 1983. "In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must establish that the violation of his constitutional rights resulted from a municipal custom or policy." Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995) (collecting cases). A municipality cannot be made liable under § 1983 for acts of its employees by application of the doctrine of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986)).

5

Here, there is no claim in the Complaint that the alleged police misconduct and alleged mistreatment of the plaintiff by corrections officers was the result of a municipal policy or practice. The plaintiff argues only that the NYPD and the DOC are vicariously liable for the actions of their employees (Pl. Mem. 1.) Therefore, even if the claims against the NYPD and the DOC were construed as having been made against the City of New York, the city would face no liability under § 1983.

**2. Failure to Provide Timely Notice of Claim**

"Pursuant to New York General Municipal Law § 50-e, a plaintiff who asserts a state law tort claim against a municipal entity or its employees for acts that occurred within the scope of their employment must file a notice of claim within ninety days after the incident giving rise to the claim." Smart v. City of New York, No. 08 Civ. 2203 (HB), 2009 WL 862281 (E.D.N.Y. Apr. 1, 2009) (citing N.Y. Gen. Mun. Law § 50-e(a)). A notice of claim is not required for federal civil rights claims arising under § 1983. N.Y. Gen. Mun. Law § 50-k(6); Day v. Moscow, 955 F.2d 807, 814 (2d Cir. 1992).

Leave may be granted to permit late service of a notice of claim by a plaintiff in certain circumstances. Laroc v. City of New York, 46 A.D.3d 760, 761 (2d Dept. 2007). However, such an "extension [of time] shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." N.Y. Gen. Mun. Law § 50-e. The time limit for the commencement of an action against a public corporation is spelled out in N.Y. Gen. Mun. Law § 50-i which states in relevant part:

> No action . . . shall be prosecuted or maintained against a city . . . for personal injury. . . unless, . . . a notice of claim shall have been made and served upon the

city . . . and . . . the action . . . shall be commenced within one year and ninety
days after the happening of the event upon which the claim is based . . . .

Therefore, an application to extend the time for providing notice of a claim "may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled." Pierson v. City of New York, 56 N.Y.2d 950, 954 (1982).

Here, the notice of claim required by § 50-e was not provided within ninety days of the plaintiff's release from custody in December 2007. The NYPD acknowledged receipt of a notice of claim on September 25, 2008, (NYPD Mem. 5), and the plaintiff attached to her Affirmation in Opposition a copy of the Notice of Claim dated August 27, 2008. Neither date falls within the ninety day window set forth in § 50-e. The plaintiff argues that her late notice of claim was justifiable because she was ill during the ninety day notice period. While physical incapacitation is a relevant fact that courts shall consider in determining whether to exercise its discretion to grant leave to serve a late notice, N.Y. Gen. Mun. Law § 50-e(5), no application for such leave was sought. The time for making such an application expired in March 2009, one year and ninety days from plaintiff's release in December 2007.[3]

Even if the application for leave to file late notice were timely, it is not within the power of this Court to grant such an application. Applications pursuant to § 50-e, including

---

[3] A "public interest" exception to the notice of claim requirements was recognized by the New York Court of Appeals in Union Free Sch. Dist. No. 6 of the Towns of Islip and Smithtown v. New York State Human Rights Appeal Bd., 35 N.Y.2d 371 (1974). "In Union Free School District, the Court of Appeals recognized an exception to the notice of claim requirement when an action is not brought merely to enforce a private right, but rather, to vindicate a public interest." Wallikas v. Harder, 67 F. Supp. 2d 82, 85 (N.D.N.Y. 1999) (internal quotations and citations omitted). Where a plaintiff seeks only to vindicate her own rights, and her claim is not intended to directly affect or vindicate the rights of others, the "public interest" exception is inapplicable. Mills v. Monroe County, 59 N.Y.2d 307, 312 (1983). Here, the Complaint states in ¶ 19 that police brutality and the right to speak out against such conduct are matters of "public concern". However, the plaintiff seeks only to vindicate her own rights and her averments of "public concern" are plainly intended to support her freedom of speech claim, not the "public interest" exception to the notice requirements.

applications for leave to serve a late notice, must be made in New York state supreme court or certain county courts. N.Y. Gen. Mun. Law § 50-e(7). Federal courts have consistently interpreted this provision to bar them from granting leave to file late notice of a claim. Costabile v. County of Westchester, N.Y., 485 F. Supp. 2d 424, 430-31(S.D.N.Y. 2007); Humphrey v. County of Nassau, No. 06 Civ. 3682 (JFB), 2009 WL 875534, at *21 (E.D.N.Y. Mar. 30, 2009) ("although the Court of Appeals has not ruled on the issue, district courts in the Second Circuit have routinely found that they lack jurisdiction to even consider such an application"). Accordingly, all claims against all defendants arising under state law are dismissed for failure to timely comply with the notice requirements of N.Y. Gen. Mun. Law § 50-e.

### 3. Failure to Effect Service

The NYPD also argues that the action should be dismissed as to the other defendants pursuant to Fed. R. Civ. P. 4(m). (NYPD Mem. 5-8.) Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to Fed. R. Civ. P. 4(e), proper service upon individuals must be made: (1) by serving the individual personally or by leaving copies at the individual's home, (2) serving an agent authorized by law to receive service of process, or (3) in the manner prescribed by state law. Moultry v. City of Poughkeepsie, 154 F. Supp. 2d 809, 811 (S.D.N.Y. 2001).

> According to New York law . . . service can be made by delivering the summons "to a person of suitable age and discretion at the actual place of business . . . and by either mailing the summons to the persons to be served at his or her last

>known residence or by mailing the summons by first class mail to the person to
>be served at his or her actual place of business . . . ."

Id. at 812 (citing C.P.L.R. § 308(2)).

**A. Detective Vizcarrondo**

The Affidavit of Service for Det. Vizcarrondo states that copies of the summons and complaint were accepted by another police detective at Det. Vizcarrondo's place of work, a police facility in Queens, on April 15, 2009, and were mailed to the same address on the following day. Although the affidavit shows that Det. Vizcarrondo was properly served in accordance with Rule 4(e), no proof of service was provided to the Court within the 120 days provided for by Rule 4(m). Fed. R. Civ. P. 4(*l*)(1) provides that, "[u]nless service is waived, proof of service must be made to the court." This mandate is overcome by Rule 4(*l*)(3), however, which provides that "[f]ailure to prove service does not affect the validity of service." U.S. Dept. of Agriculture Rural Housing Service v. Monsanto, Civil No. 2006-206, 2009 WL 982702, *1 (D.V.I. Apr. 9, 2009) (citing U.S. v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988) ("The mere failure of plaintiff to file the appropriate indicia of service within the period, although perhaps evidencing shoddy practice, did not render the service untimely.")). See also Fifth Third Bank v. Mytelka, No. 05-mc-52 (DLI), 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008) ("Generally, the failure of the plaintiff to prove service of process does not necessarily affect the validity of service as the district court may permit proof of service to be amended under Fed.R.Civ.P. 4(*l*)(3)."). Accordingly, the Court finds that Det. Vizcarrondo was properly served.

**B**. **The Warden of Rikers Island**

The Affidavit of Service for the Warden states that a copy of the summons and complaint were left at the DOC office loated at 60 Hudson Street in the borough of Manhattan. Rikers Island, however, is located in the borough of Queens. The affidavit does not indicate that copies were subsequently mailed to any address. In the absence of any authority from the plaintiff that an employee of the 60 Hudson Street office of the DOC has the authority to accept service of process on behalf of the Warden, the claim against the Warden is dismissed without prejudice.

**C. John Doe Defendants**

Although plaintiffs may include defendants that are unnamed as John and Jane Does, the plaintiff must be diligent in ascertaining their identities during the period for service of process in order to show that there is good cause for the time for service to be extended. Murphy v. Watson, No. 06 Civ. 0692 (GLS), 2007 WL 1791210, at *1 (N.D.N.Y. June 20, 2007); Wilson v. City of New York, No. 03 Civ. 2495 (RLC), 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006) (the period for service may be tolled if plaintiff makes a showing of diligence in identifying unnamed defendants). Here, the plaintiff has not demonstrated any diligence in obtaining the identities of the unnamed officers in order to effect service. Accordingly, the Complaint is also dismissed as to the John Doe defendants.

**CONCLUSION**

The motion to dismiss is hereby GRANTED as to all defendants and all claims except for federal civil rights claims arising under § 1983 against Det. Vizcarrondo. The plaintiff's claims against the NYPD and the DOC are dismissed because those defendants are not suable entities. The plaintiff's state law claims against all of the defendants are dismissed for failure to provide

timely notice as required by state law. The plaintiff's claims against the Warden are also dismissed for failure to effect proper service. The plaintiff's claims against the John Doe and Jane Doe defendants also dismissed for failure to prosecute.

The plaintiff's prosecution of this case has been careless, bordering on indifferent. Although the plaintiff's inability to meet the notice of claim deadline due to illness evokes the Court's sympathy, it does not excuse her counsel's failure to timely seek an extension of that deadline in the proper state court. Additionally, Judge Orenstein's order of April 21, 2009, and the briefing schedule for this motion went unheeded by the plaintiff's counsel – also apparently due to illness. Were it not for the gravity of the plaintiff's allegations, this Court would not have extended the time for accepting the plaintiff's submission, nor would not have amended the July 13 Order.

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court grants the plaintiff leave to amend the Complaint as to the federal civil rights claims in order to state proper causes of action consistent with Monell, and to serve the defendants in accordance with the requirements of the Federal Rules. Any amendment is to be filed with the Court no later than 20 days from the date of this order. In the absence of such an amendment, Det. Vizcarrondo is granted 30 days from the date of this order to answer the Complaint.

SO ORDERED.

Dated:    Brooklyn, New York
          September 1, 2009

                                            /s/
                                    I. Leo Glasser
                                    United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

Counsel for the Plaintiff

Tamara M. Harris
The Law Office of Tamara M. Harris
1115 Broadway, 12th Fl
New York, NY 10011

Counsel for Defendant New York Police Department

Bradford Collins Patrick
New York City Law Department
100 Church Street
New York, NY 10007